# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **STEPHANIE TARAPCHAK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 15-2078** |
| | : | |
| **LACKAWANNA COUNTY,** *et al.* | : | |


**KEARNEY, J.**                                                                                          **October 23, 2017**

## <u>MEMORANDUM</u>

     While in custody awaiting trial on multiple felony and misdemeanor charges, the Court of Common Pleas allowed Dr. Stephanie Tarapchak the privilege of home detention.  After months of compliance, she slipped up and admittedly, albeit very briefly, went outside her defined home area.  Upon reporting, the County director responsible for the home detention program held a prison misconduct hearing without notice to obtain facts to report to the judge before bail revocation. Through a series of adjournments following her requests to have judges and lawyers excused, a judge did not hold a hearing on the Commonwealth's immediate motion for bail revocation based on the home detention violation for several months.  She admits violating the home detention program.  But with the extensive aid of her non-lawyer friend Joseph Pilchesky, she still *pro se* sued everyone involved, including judges and lawyers, alleging they deprived her of due process before taking her liberty as a bailee.  Following extensive analysis, we allowed her to proceed on a supervisory liability claim against Lackawanna County.  She failed to adduce the identified evidence at trial and we granted Lackawanna County's motion for judgment following her case.   She now asks for a new trial.   After careful review of the transcript, we confirm Ms. Tarapchak failed to produce evidence to allow a reasonable jury to find for her on

the supervisory liability claim against Lackawanna County.    In the accompanying Order, we deny Ms. Tarapchak's motion for new trial.

## I.    Background

After her January 2, 2014 arrest on multiple charges returned by a grand jury relating to the drug distribution and perjury,[1] Ms. Tarapchak could not post bail and served months in custody as a pretrial detainee.[2]  On May 2, 2014, Pennsylvania Court of Common Pleas Judge Vito Geroulo placed Ms. Tarapchak on house arrest in a defined area with electronic monitoring as a condition of release.[3]  After months of apparent compliance with the house arrest, Ms. Tarapchak allegedly violated the terms of her house arrest on October 22, 2014 by leaving the area defined by her electronic ankle bracelet.[4]

The next day, Patrick Lynn, the Director of Lackawanna County's house arrest program, caused Lackawanna County to arrest Ms. Tarapchak for violating the terms of her house arrest.[5]  On October 24, 2014, Director Lynn went to the Lackawanna County Prison to conduct a misconduct hearing with Ms. Tarapchak concerning her house arrest violation.[6]  Ms. Tarapchak refused to participate.[7]  Director Lynn created a report which found Ms. Tarapchak violated the terms of her house arrest and recommended a judge should revoke her bail upon motion.[8]  The Pennsylvania Attorney General moved to revoke Ms. Tarapchak's bail.[9]  On November 7, 2014, Judge Geroulo began the bail revocation hearing.[10]  Ms. Tarapchak asked for a continuance. After a series of recusals of judges and lawyers caused by Ms. Tarapchak's motions, the state court rescheduled Ms. Tarapchak's continued bail revocation hearing on April 4, 2015 where Judge Michael Barrasse found she violated the conditions of her bail by violating terms of house arrest.[11]  The state court continued her pre-trial custody and, following the jury's conviction of her on the underlying state law charges, sentenced Ms. Tarapchak to prison.

While awaiting her state court trial, Ms. Tarapchak through her boyfriend non-lawyer Joseph Pilchesky sued Director Lynn, Lackawanna County, and others under 42 U.S.C. § 1983.[12] She alleged several claims for violations of her due process rights.[13] Ms. Tarapchak also alleged supervisory liability *Monell* claims against the County for failing to train Director Lynn and for a custom of unconstitutional misconduct hearings.[14]

We dismissed all but Ms. Tarapchak's *Monell* claim at summary judgment.[15] We allowed this claim because Director Lynn answered discovery which could have been interpreted as defining a common custom for the internal misconduct hearings violative of the County's policies and possibly creating a custom of disregarding the policy.[16]   As specifically defined in our memorandum partially denying summary judgment, the sole issue left for trial consisted of Ms. Tarapchak's *Monell* claim against the County by: 1) creating a custom of illegal misconduct hearings; and 2) failing to properly train Director Lynn how to hold misconduct hearings. [17]

After several continuances of the date certain trial including to try to find counsel for Ms. Tarapchak,  we began a jury trial where Ms. Tarapchak called two witnesses before resting her case: Director Lynn and Robert LeBar, the prosecutor from the Pennsylvania Attorney General's Office who had handled her criminal charges in state court.[18]   At all times including in the pretrial conference, during *voir dire* and examining witnesses, Ms. Tarapchak competently represented herself and demonstrated an acuity of mind we would expect of a medical doctor.

First, Ms. Tarapchak called Director Lynn.[19]  Ms. Tarapchak asked Director Lynn about the formal misconduct hearings.[20]  Director Lynn testified as the Director of Lackawanna County's House Arrest Program, he holds approximately one hundred formal misconduct hearings per year.[21]   Director Lynn testified when county officials took Ms. Tarapchak into custody on October 23, 2014, he told Ms. Tarapchak he would hold a misconduct hearing with

her in a few days' time.[22]  Director Lynn testified he did not give notice to Ms. Tarapchak's lawyer about the misconduct hearing.[23] Director Lynn admitted he routinely fails to give notice about misconduct hearings to counsel in other cases.[24]

Ms. Tarapchak asked Director Lynn about his training.[25] Director Lynn testified Lackawanna County employed him for approximately twenty years.[26] Director Lynn testified he had been trained as he worked his way up through the ranks to become the director of the Home Detention Program.[27] Director Lynn admitted he has no training as a law enforcement office and lacks arrest training.[28] Ms. Tarapchak did not ask Director Lynn what type of training Lackawanna County gave him concerning misconduct hearings.

Ms. Tarapchak also asked Director Lynn about her misconduct hearing. Director Lynn testified he met with Ms. Tarapchak in his office the day after Ms. Tarapchak violated the terms of her house arrest.[29] At the meeting, Ms. Tarapchak admitted violating the terms of her house arrest.[30]  After the meeting, Lackawanna County officials took Ms. Tarapchak into custody.[31] Director Lynn informed Ms. Tarapchak he would visit the Lackawanna County Prison within two days to conduct a misconduct hearing about her house arrest violation.[32] On October 24, 2014, Director Lynn went to the Lackawanna County Prison to conduct Ms. Tarapchak's misconduct hearing.[33] Ms. Tarapchak chose not to participate or answer any of Director Lynn's "silly questions."[34] Director Lynn testified a misconduct hearing is not a bail revocation hearing.[35]  The misconduct hearing is a chance for Ms. Tarapchak to tell her side of the story for the report Director Lynn sends to the judge.[36] Director Lynn stressed a misconduct hearing is only an administrative proceeding.[37] Director Lynn testified Ms. Tarapchak's bail would not be revoked until she appeared before a judge for a bail revocation hearing.[38]

But Ms. Tarapchak went no further.  She did not ask Director Lynn about the substance of the other misconduct hearings.  Nor did Ms. Tarapchak ask Director Lynn whether policy makers in Lackawanna County knew or assented to Director Lynn's policy of holding formal misconduct hearings without counsel.  Ms. Tarapchak did not ask Director Lynn whether his practice of conducting formal misconduct hearings without counsel is permanent. Ms. Tarapchak also did not ask Director Lynn whether any other members of the House Arrest Program failed to include counsel in formal misconduct hearings.  We have no idea whether Director Lynn ever acted as judge and prosecutor in any other misconduct hearing.   All we heard is Director Lynn viewed this "hearing" as an investigative tool to allow him to report facts to the judge.

Ms. Tarapchak then called Attorney Robert LeBar to testify. Mr. LeBar prosecuted Ms. Tarapchak's state court criminal case.  He works for the Pennsylvania Attorney General's Office.[39]  He moved to revoke Ms. Tarapchak's bail after she violated the terms of her house arrest.[40]  Mr. LeBar testified his office moved to revoke bail and served Ms. Tarapchak's attorney on October 24, 2014, two days after Ms. Tarapchak's admitted violation of house arrest.[41]  Mr. LeBar testified he attended a November 7, 2014 bail revocation hearing for Ms. Tarapchak before Judge Geroulo.[42] Ms. Tarapchak asked for a continuance of her bail revocation hearing because she wanted Judge Geroulo to recuse himself.[43]  Mr. LeBar testified on April 10, 2015, Ms. Tarapchak attended a bail revocation hearing before Judge Michael Barasse.[44]  Following Mr. LeBar's testimony, Ms. Tarapchak rested.

Lackawanna County moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) arguing Ms. Tarapchak had not produced evidence for a reasonable jury to find in her favor on her *Monell* claim. After hearing argument, we granted the County's motion for

detailed reasons on the record and entered judgment as a matter of law in the County's favor. Ms. Tarapchak timely moved for a new trial.

## II.     Analysis

Ms. Tarapchak argues we abused our discretion by granting Lackawanna County's motion for judgment as a matter of law on her *Monell* claim. She seeks a new trial because we: 1) failed to appoint counsel; 2) did not allow her friend to assist her at counsel table; 3) allowed a witness to remain in the courtroom after testifying; 4) permitted uniformed prison guards to sit in the gallery; 5) allowed counsel for Lackawanna County to use prejudicial language during his opening statement; and 6) improperly denied her motion to compel Director Lynn to produce documents. Each of her arguments lack merit.

Ms. Tarapchak moves for a new trial under Fed. R.Civ. P. 59.  While the text of Rule 59 does not specify grounds for a new trial,[45] courts have granted a new trial where "(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury."[46] "The decision to grant or deny a new trial is confided almost entirely to the discretion of the district court."[47]  "When the granting or denial of a new trial is contested on appeal, substantial deference must generally be given to the decision of the trial judge, who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart."[48]  A court should only exercise its discretion to grant a new trial when "the verdict was against the weight of the evidence when the failure to do so would result in injustice, or would shock the conscience of the court."[49]  Requests for a new trial are disfavored by the law.[50]  A trial court will not grant a new

trial on the basis of trial error unless the error resulted in prejudice.[51]  In other words, no injustice will be found in non-prejudicial trial errors.[52]

**1.  We did not abuse our discretion in granting the County's motion for judgment.**

Ms. Tarapchak argues she is entitled to a new trial because we abused our discretion in granting Lackawanna County's motion for judgment as a matter of law on Ms. Tarapchak's *Monell* claim.  Federal Rule of Civil Procedure 50(a) provides "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law ... with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."[53]  "Generally, a Rule 50 motion should be granted only if evidence is not sufficient for a jury reasonably to find liability."[54]  After viewing all the evidence which has been tendered and should have been admitted, in the light most favorable to the party opposing the motion, the court must consider whether any reasonable jury could decide in that party's favor.[55]  Although judgments as a matter of law should be granted sparingly, a mere scintilla of evidence is not enough for the court to deny the motion.[56]  The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which the jury could properly find a verdict for the nonmoving party.[57]

Ms. Tarapchak's only claim at trial consisted of a *Monell* claim under § 1983. Before trial and to defeat summary judgment, Ms. Tarapchak argued Lackawanna County: 1) had a custom of conducting unconstitutional formal misconduct hearings; and 2) acted in a deliberately indifferent manner by failing to train Director Lynn to conduct constitutional misconduct

hearings.[58]   At the close of her case, we had no evidence which could allow a reasonable jury to find in her favor on either of these theories.

### a. Ms. Tarapchak failed to adduce evidence the County had a custom of conducting illegal misconduct hearings.

A municipality may be liable under § 1983 when it causes the constitutional violation at issue.[59]   To succeed on her *Monell* claim, Ms. Tarapchak had to prove she "(1) possessed a constitutional right of which [she] was deprived; (2) the municipality had a policy [or custom]; (3) the policy [or custom] amounted to deliberate indifference to [her] constitutional right; and (4) the policy [or custom] was the moving force behind the constitutional violation."[60]   To establish a custom under *Monell*, Ms. Tarapchak had to prove "a given course of conduct, although not specifically endorsed or authorized by law, is so well settled and permanent as virtually to constitute law."[61]   Practices so permanent and well settled are ascribable to municipal decision makers.[62]   Even if a custom or policy has not been formally approved by an appropriate decision maker, it may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.[63]

In our summary judgment memorandum, we specified the evidence necessary to show denial of due process to Ms. Tarapchak: lack of prior notice of this hearing; depriving the opportunity to retrieve and proffer evidence; and, Director Lynn held the hearing even though he is not impartial.   We also opined lack of counsel at this misconduct hearing is not required as this is not a critical stage of the proceedings.   As we opined, even if Ms. Tarapchak showed Director Lynn engaged in one or more of these deprivations, Ms. Tarapchak must show the County can incur supervisory liability.

At trial, Ms. Tarapchak showed Director Lynn failed to provide notice and personally held the hearing even though he is not impartial.   She met the first step of supervisory liability.

But she did not adduce evidence of the practice or custom amounting to deliberate indifference which became the moving force in the due process violation. Following the close of her case, the jury heard only about Director Lynn holding the hearing and not allowing her counsel. Ms. Tarapchak now limits her argument to the County having a practice and custom of holding illegal misconduct hearings by denying bailees the right to counsel during the hearing.[64] We understand why she limits her present argument: the only evidence she adduced of conduct common in multiple misconduct hearings is based on Director Lynn's admission he never contacts counsel for the bailees. But she is arguing a point we rejected on summary judgment: neither Director Lynn nor the County deprived her of due process by not notifying a public defender of her violating a home arrest condition. She focused on a non-issue when she needed to show a custom or practice of depriving bailees of notice or the opportunity to retrieve and proffer evidence or Director Lynn personally participated in these hearings.

Ms. Tarapchak did not introduce instances where Director Lynn or another County official violated a bailee's due process rights. Even if she did show those instances, Ms. Tarapchak also needed to show evidence the County knew of this policy or custom and endorsed it, making the policy so well settled and permanent as to have the force of law. Director Lynn admitted he conducts approximately one hundred misconduct hearings every year.[65] He also admits never alerting counsel about a formal misconduct hearing,[66] but we already held Ms. Tarapchak is not entitled to counsel at this misconduct hearing as it is not a critical stage of the proceeding. Ms. Tarapchak failed to present evidence constitutional violations occurred at other misconduct hearings. Ms. Tarapchak produced no evidence policy-making County officials knew Director Lynn held misconduct hearings himself without notice and without affording notice or the opportunity to gather materials.

Judgment as a matter of law for the County is appropriate because Ms. Tarapchak presented no evidence a reasonable jury could use to find in her favor. Allowing Ms. Tarapchak's *Monell* claim to go to the jury would require the jury to wildly speculate about other instances of alleged misconduct and the County's knowledge. Given this lack of evidence, the jury could not have found for Ms. Tarapchak.

### b. Ms. Tarapchak did not show the County failed to adequately train Director Lynn on conducting constitutional misconduct hearings.

Ms. Tarapchak failed to introduce evidence a reasonable jury could use to find the County failed to properly train Director Lynn to conduct constitutional misconduct hearings. "Establishing municipal liability on a failure to trail claim under § 1983 is difficult. A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries"[67] Ms. Tarapchak also had to "demonstrate that the absence of [the] specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional depravations occurred."[68] Ms. Tarapchak had to identify "the specific training [the County] should have offered."[69] "Mere proof that an injury could have been avoided if the municipal officer or employee had 'better or more training is not enough to show municipal liability' under a 'failure to train' *Monell* claim."[70] Ms. Tarapchak had to prove the County's failure to train Director Lynn caused a pattern of violations.[71]

At trial, Ms. Tarapchak asked Director Lynn only three questions about his training.[72] Ms. Tarapchak asked Director Lynn about his training as director of the House Arrest Program. Director Lynn responded he gained experience and training as he worked his way up the ranks.[73] Ms. Tarapchak then asked Director Lynn whether he had any law enforcement training or arrest training. Director Lynn responded "no" to both questions.[74] This evidence is not enough to show the County acted in a deliberately indifferent manner by failing to train Director Lynn. Ms.

Tarapchak did not introduce evidence of additional training the County could have given Director Lynn. Ms. Tarapchak did not show the County failed to train Director Lynn at all. Nor did Ms. Tarapchak introduce evidence showing a failure to train caused a pattern of constitutional violations.

We deny Ms. Tarapchak's motion for a new trial on her failure to train argument because she failed to produce evidence a reasonable jury could use to find in her favor. Allowing Ms. Tarapchak's failure to train claim to go to the jury again would have required wild speculation about what other training is available and whether it would have made a difference in Ms. Tarapchak's case. Given the lack of evidence, the jury could not have found the County failed to adequately train Director Lynn how to conduct constitutional misconduct hearings. We deny Ms. Tarapchak's motion for a new trial on her failure to train claim.

**2. Ms. Tarapchak is not entitled to a new trial because we failed to persuade lawyers to volunteer as trial counsel.**

Ms. Tarapchak claims we abused our discretion by not appointing her trial counsel. Ms. Tarapchak argues she is entitled to a new trial because: 1) we stopped searching for counsel to represent Ms. Tarapchak; 2) Ms. Tarapchak's medication interfered with her ability to represent herself; and 3) prison officials withheld Ms. Tarapchak's trial documents until she arrived in court.[75]

Ms. Tarapchak has neither a constitutional nor statutory right to counsel in this civil rights matter.[76] We have the statutory authority to "request" appointed counsel for indigent civil litigants.[77] However, we cannot force private attorneys to represent indigent clients because Congress has limited our authority to "make coercive appointments of counsel."[78] We have "broad discretion" to determine whether appointing counsel in a civil case is appropriate.[79]

Ms. Tarapchak claimed she could not adequately represent herself at trial based on her lack of legal experience and medical condition. We repeatedly implored Ms. Tarapchak to retain private counsel but she failed to do so.[80] She represented she could go forward or she was attempting to privately retain counsel. After we denied her first request because she failed to show she could not afford an attorney, Ms. Tarapchak moved *in forma pauperis* under 28 U.S.C. § 1915(e) on the eve of a date certain trial asking us to appoint *pro bono* counsel for her. After We granted Ms. Tarapchak's motion after analyzing the *Tabron*[81] factors and sought counsel to represent her.[82] We spent months searching for counsel to represent Ms. Tarapchak *pro bono*.[83] As we advised the parties, after contacting over ten (10) qualified attorneys about representing Ms. Tarapchak with no success, and with the continued trial date quickly approaching, we reluctantly ordered Ms. Tarapchak represent herself.[84] Ms. Tarapchak now claims our efforts prejudiced her, as she claims "it is well settled *pro se* inmates should be afforded counsel at trial."[85]

Ms. Tarapchak is incorrect in a civil case. Ms. Tarapchak has no right to counsel in a civil case. While we are sensitive to Ms. Tarapchak's medical condition and her ability to try a difficult case, we are limited in our ability to appoint her counsel. We did all we could to provide Ms. Tarapchak with *pro bono* counsel. We cannot force private attorneys to take a case they do not wish to take. As the plaintiff in a civil case, Ms. Tarapchak bears the ultimate burden of securing counsel. Our search for *pro bono* counsel for Ms. Tarapchak did not result in prejudice to her.

We find no basis for appointment of counsel because of her medicines. Upon reassignment, we promptly held a hearing on her boyfriend non-lawyer Joseph Pilchesky's attempt to proceed as a "next friend" and denied this request. She always presented as competent

and knowledgeable on the steps being taken in court, particularly after either the Court, or in some instances, the County's experienced counsel, explained the legal steps to her. When she did not understand the steps, she asked the proper questions. She explained, with much skill, why she needed documents not sent along with her in transfer from her original facility and persuaded us to grant a continuance. We heard no basis for a guardian or other representative to protect Ms. Tarapchak because of her medicine. We watched Ms. Tarapchak for over a year.

Ms. Tarapchak also claims she suffered prejudice because correctional personnel withheld her trial materials for an extended period of time. We disagree. Ms. Tarapchak failed to present evidence she lacked access to her files. In any event, we granted Ms. Tarapchak another last-minute adjournment of her trial date so she could receive her materials and prepare for trial.[86] As she has proven no actual prejudice, we deny Ms. Tarapchak's motion for a new trial on these grounds.

### 3. Ms. Tarapchak is not entitled to have her boyfriend sit at counsel table.

Ms. Tarapchak claims she suffered prejudice because we forbade her friend Mr. Pilchesky from sitting at counsel table with her. Ms. Tarapchak had no right to have Mr. Pilchesky sit at counsel table. Mr. Pilchesky is neither a member of the Bar of this Court nor a party to Ms. Tarapchak's lawsuit.[87] To the contrary, state officials prosecuted Mr. Pilchesky for practicing law without a license.[88] We held an extensive hearing and denied Mr. Pilchesky "next friend" status.[89] Ms. Tarapchak has not shown how Mr. Pilchesky's presence at counsel table would have assisted her with the presentation of her case. Ms. Tarapchak has shown no prejudice resulting from lack of his assistance during the presentation of her evidence.

Ms. Tarapchak argues she suffered prejudice because the County used an assistant to operate electronic devices to display evidence.[90] She also claims she suffered prejudice because

the screen on her table failed, and while counsel for County offered the use of his screen, she could not see it.[91] Ms. Tarapchak has no right to be informed of the use of technology in her presentation of evidence. Nor does the County's use of an assistant give her the right to have Mr. Pilchesky sit at her table. Ms. Tarapchak has failed to show prejudice because her screen failed or because Mr. Pilchesky sat in the gallery and not at her table.

## 4. Ms. Tarapchak is not entitled to remove Director Lynn from the courtroom after his testimony.

Ms. Tarapchak claims she is entitled to a new trial because Director Lynn remained in the courtroom for the entire trial. Ms. Tarapchak claims the lack of sequestration on Director Lynn after his testimony prejudiced her. If a party wishes to sequester a witness, the party must move to do so.[92] Federal Rule of Evidence 615 allows the representative of a non-natural party to remain in the courtroom during the entirety of a trial.[93] Ms. Tarapchak did not move to sequester Director Lynn. Regardless, Director Lynn is the County's representative. No other Lackawanna County officials attended the trial. We ruled Director Lynn could remain in the courtroom throughout the trial and could do so following his testimony.[94] Ms. Tarapchak has not shown how Director Lynn's presence in the courtroom prejudiced her.

## 5. Ms. Tarapchak is not entitled to remove the Commonwealth's uniformed prison guards from the gallery during trial.

Ms. Tarapchak argues she suffered prejudice because the Commonwealth's uniformed prison guards sat in the front row of the gallery. She did not ask for this relief during trial. Even if she did, we disagree she has a right to remove the prison guards.

In *Holbrook v. Flynn*,[95] the Supreme Court held criminal defendants did not suffer prejudice when uniformed state troopers remained in the courtroom during the defendant's trial. The defendants moved to have the troopers dress in civilian clothes during the trial.[96] The trial

court denied their request. On appeal, the defendants argued they suffered prejudice because the jury would be more likely to conclude they were guilty based on the trooper's presence in the courtroom.[97] The Supreme Court disagreed. The Court held the presence of uniformed officers did not prejudice the defendants based on the need to provide courtroom security for incarcerated defendants.[98] The court held "we simply cannot find an unjustifiable risk of prejudice in the spectacle of four such officers quietly sitting in the first row of a courtroom's spectator section."[99] The same logic applies here.

Ms. Tarapchak did not suffer prejudice because the Commonwealth's uniformed prison guards remained in the courtroom during her trial. Unlike *Holbrook*, Ms. Tarapchak never moved to have the prison guards dress in civilian clothes. Also unlike *Holbrook*, Ms. Tarapchak's case is civil, not criminal. If criminal defendants are not prejudiced by uniformed officers in the courtroom, it seems unlikely Ms. Tarapchak could suffer prejudice in her civil case. As in *Holbrook*, the prison guards did no more than sit quietly in the front row of the gallery. Prison guards are necessary to insure the continued custody of an incarcerated person such as Ms. Tarapchak. Ms. Tarapchak has shown no evidence the jury is more or less likely to find against her based on the prison guard's presence. Regardless, Ms. Tarapchak suffered no prejudice because her case did not reach the jury. We granted Lackawanna County's motion for judgment as a matter of law, removing the jury from consideration.

### 6. Ms. Tarapchak is not entitled to a new trial because of comments in opening statements.

Ms. Tarapchak argues she suffered prejudice because the County's counsel made inappropriate comments during opening statements. Ms. Tarapchak claims counsel highlighted her incarcerated status, her criminal conviction, and noted her previous legal actions against Lackawanna County.[100] Ms. Tarapchak claims counsel maliciously made these statements with

the intent to improperly influence the jury.[101]   Ms. Tarapchak claims these statements improperly influenced the jury and no jury instruction could remedy the problem.

We disagree.  Ms. Tarapchak did not object when counsel for Lackawanna County made the allegedly prejudicial comments.  Generally, a court will not grant a new trial where the moving party did not object at trial.[102]   Regardless, the jury never made a decision in Ms. Tarapchak's case because we granted the County's motion for judgment as a matter of law. The jury's verdict cannot have been tainted by allegedly prejudicial comments if the jury never rendered a verdict in the first place. Ms. Tarapchak's claim fails.

### 7.  Ms. Tarapchak is not entitled to a new trial because dismissed Director Lynn failed to produce discovery.

Ms. Tarapchak claims she is entitled to a new trial because Director Lynn failed to produce evidence Ms. Tarapchak felt she needed to prove her *Monell* claim. Ms. Tarapchak claims we violated her due process rights by allowing Director Lynn to withhold records of other inmate's misconduct hearings.[103]   Director Lynn claimed the discovery requests were overly broad and excessively burdensome.[104] Ms. Tarapchak claims she could not prove Lackawanna County had a practice or custom of illegal misconduct hearings without obtaining the records from Director Lynn.[105]

A motion for a new trial because a party allegedly withheld evidence is best analyzed under Federal Rule of Civil Procedure 60(b)(3).[106] Rule 60 provides a court may "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party...."[107] Evidence to support a new trial under Rule 60(b)(3) must be "clear and convincing."[108]   Non-production of evidence does not, by itself, require a new trial.[109] Discovery misconduct can require a new trial "only if Plaintiff was deprived of the opportunity

to fully and fairly present her case."[110] Granting a new trial in response to a discovery violation is a "drastic" penalty, only appropriate in "extreme" circumstances.[111] Courts will only grant a new trial for a discovery misconduct, where a party shows willfulness or bad faith and prejudice on the part of the other party or their attorney.[112]

Ms. Tarapchak claims she could not prove a practice or custom of illegal misconduct hearings because we did not compel Director Lynn to produce discovery relating to other similarly situated persons. On October 14, 2016, Ms. Tarapchak opposed Director Lynn's summary judgment motion. Ms. Tarapchak's motion also asked us to compel Director Lynn to respond to her interrogatories and requests for the production of documents.[113] On October 17, 2016, we ordered Director Lynn to provide fulsome responses to Ms. Tarapchak's discovery requests.[114] On October 18, 2016, Director Lynn responded to Ms. Tarapchak's motion, attaching several documents including the completed answers to interrogatories and document requests.[115] We then denied Ms. Tarapchak's earlier motion and noting, in an abundance of caution, Ms. Tarapchak may not have received everything she required from Director Lynn in the attachments to his motion and directed the County to file a certification of full production.[116] On October 24, 2016, the County filed a certificate of full production, stating it had answered all relevant requests for documents and interrogatories.[117]

Ms. Tarapchak argues she did not receive everything she requested in discovery, despite County's certification. A closer inspection of Director Lynn's responses to Ms. Tarapchak's request for documents shows Director Lynn claimed several of the requests fell outside of the Rule 26 requirements.[118] Ms. Tarapchak asked for a copy of every letter Director Lynn sent to a judge about misconduct hearings in 2014 and a copy of every misconduct report Director Lynn authored in 2014.[119] Director Lynn objected, claiming Ms. Tarapchak's interrogatories were

"overly broad, unduly burdensome, and unlikely to lead to the discovery of discoverable information."[120] Director Lynn noted each letter and report are kept in an individual prisoner's file would require excessive effort to produce in discovery.[121]

Ms. Tarapchak is only entitled to a new trial for a discovery violation if counsel for the County willfully denied Ms. Tarapchak access to discovery or acted in bad faith. There is no evidence of willful misconduct or bad faith on this record. The County's counsel determined producing the hundreds of documents Ms. Tarapchak sought posed an undue burden. Had Ms. Tarapchak moved to compel, we may have ordered further discovery. But given the certification, we may not have. Even assuming we came to a different conclusion, we cannot say, without more, the County violated the discovery rules so flagrantly as to warrant a new trial under Rule 60. While it is unfortunate Ms. Tarapchak thinks she did not have the benefit of all the discovery she desired to prepare for her trial, the County's actions did not rise to the level of fraud, misrepresentation, or misconduct. We deny Ms. Tarapchak's motion for a new trial based on alleged discovery violations.

### III.    Conclusion

We deny Ms. Tarapchak's motion for a new trial in the accompanying Order. We did not abuse our discretion. To the contrary, we remained entirely mindful of Ms. Tarapchak's *pro se* status as evidenced by, among other steps, our detailed findings on summary judgment essentially detailing Director Lynn's deprivation of Ms. Tarapchak's due process rights to liberty and specifying the proof necessary for supervisory liability, in working to find volunteer counsel for Ms. Tarapchak and her often intervening friend Mr. Pilchesky, and in compelling the County to certify as to full production of discovery. We granted the County's motion for judgment as a matter of law because Ms. Tarapchak failed to present evidence a reasonable jury could use to

find in her favor on Ms. Tarapchak's *Monell* claim. We stand by our earlier decision. Ms.

Tarapchak has not shown prejudice relating to her other claims.

---

[1] Third Amended Complaint, ECF Doc. No. 125, p. 1. We addressed Ms. Tarapchak's alleged underlying conduct in our earlier decisions on motions to dismiss and for summary judgment. We are now only addressing those facts material to her arguments seeking a new trial, with many of the facts incorporated in our analysis.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 1-2.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] ECF Doc. No. 315, p. 68. The Pennsylvania Attorney General's Office prosecuted Ms. Tarapchak in her underlying criminal case.

[10] ECF Doc. No. 193, p. 31-32.

[11] *Id.* at 77.

[12] ECF Doc. No. 125, p. 1.

[13] *Id.* at p. 5-7, 9.

[14] *Id.* at p. 7, 9.

[15] ECF Doc. No. 239 p. 22-23.

[16] *Id.*

[17] *Id.*

[18] ECF Doc. No. 315.

[19] *Id*. at 38.

[20] *Id*. at 39.

[21] *Id*.

[22] *Id.*at 47-48.

[23] *Id*. at 49.

[24] *Id*.

[25] *Id.* at 38.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] *Id*. at 44.

[30] *Id*. at 55.

[31] *Id*. at 45.

[32] *Id*. at 47-48.

[33] *Id.* at 48, 52.

[34] *Id*. at 47.

[35] *Id*. at 52.

[36] *Id*. at 46.

[37] *Id*. at 47.

[38] *Id*. at 52-53.

[39] *Id*. at 56.

[40] *Id.*

[41] *Id.* at 69-70.

[42] *Id.* at 56.

[43] *Id.* at 75.

[44] *Id.* at 76-77.

[45] *Dean v. Specialized Sec. Response*, 876 F. Supp. 2d 549, 552–53 (W.D. Pa. 2012).

[46] *Dee v. Borough of Dunmore*, No. 05-1342, 2010 WL 1626908 * 2 (M.D.Pa. April 21, 2010).

[47] *Blancha v. Raymark Indus.,* 972 F.2d 507, 512 (3d Cir.1992) (citing *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980)).

[48] *Bhaya v. Westinghouse Elec. Corp.,* 922 F.2d 184, 187 (3d Cir.1990)(internal quotations omitted).

[49] *Dorsett v. Am. Isuzu Motors, Inc.*, 805 F. Supp. 1212, 1216 (E.D. Pa.), *aff'd,* 977 F.2d 567 (3d Cir. 1992)(citing *Williamson v. Consolidated Rail Corp.,* 926 F.2d 1344, 1352-53 (3d Cir.1991)).

[50] *Price v. Trans Union, L.L.C.,* 839 F.Supp.2d 785, 792 (E.D.Pa.2012) (citing *Williamson v. Consol. Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir.1991)).

[51] *Id.*

[52] *Dean*, 876 F.Supp. 2d at 1353.

[53] Fed.R.Civ.P. 50(a).

[54] *Goodman v. Pennsylvania Turnpike Commission,* 293 F.3d 655, 665 (3d Cir. 2002) (citing *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1166 (3d Cir.1993)).

[55] *Brown v. Daniels*, No. CIV A. 03-4242, 2006 WL 2060647, at *2 (E.D. Pa. June 15, 2006)(citing *Walter v. Holiday Inns, Inc.,* 985 F.2d 1232, 1238 (3d Cir.1993)).

[56] *Walter,* 985 F.2d at 1238.

[57] *Id.*

[58] ECF Doc. No. 315, p. 13, 18.

[59] *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 694 (1978).

[60] *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015)(quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389-91 (1989)).

[61] *Watson v. Abington Twp.*, 478 F.3d 144, 155-56 (3d Cir. 2007)(quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 849 (3d Cir. 1990)).

[62] *Bielevicz*, 915 F.2d at 850.

[63] *Id.* (internal quotations and citations omitted).

[64] A bailee such as Ms. Tarapchak is not entitled to counsel during a formal misconduct hearing because it is not a "critical stage" of the pretrial proceedings. *U.S. v. Wade*, 388 U.S. 218, 227 (1967). A stage is "critical" where "counsel's absence might derogate from the accused's right to a fair trial." *U.S. v. A.R.*, 38 F.3d 699, 704 (3d Cir. 1994). In our summary judgment memorandum, we held Ms. Tarapchak is not entitled to counsel at her formal misconduct hearing because lack of counsel does not impair Ms. Tarapchak's right to a fair trial. ECF Doc. No. 239, p. 16.

[65] ECF Doc. No 315, p. 39.

[66] *Id.* at 50.

[67] *Reitz v. City of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)(citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1030 (3d Cir. 1991)).

[68] *Id.* (citing *Colburn*, 946 F.2d at 1030).

[69] *Id.*

[70] *White v. Brommer*, 747 F. Supp. 2d 447, 463 n.42 (E.D.Pa. 2010)(quoting *Kline ex rel Arndt v. Mansfield*, 225 F. App'x 624, 629 (3d Cir. 2007); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 ("neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.")).

[71] *Berg v. County of Allegheny,* 219 F.3d 261, 276 (3d Cir.2000)(internal quotations and citations omitted.

[72] ECF Doc. No. 315, p. 38.

[73] *Id.*

[74] *Id.*

[75] ECF Doc. No 309, p. 5-7.

[76] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).

[77] *Id.* (quoting 28 U.S.C. § 1915(e)(1)).

[78] *Mallard v. U.S. Dist. Court for S. Dist. Of Iowa*, 490 U.S. 296, 310 (1989).

[79] *Montgomery*, 294 F.3d at 498.

[80] *See e.g.* ECF Doc. No. 161.

[81] *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

[82] ECF Doc. No. 257.

[83] ECF Doc. No. 274.

[84] *Id.*

[85] ECF Doc. No. 309, p. 5.

[86] ECF Doc. No. 281, p. 2.

[87] ECF Doc. No. 303.

[88] ECF Doc. No. 75, p. 2-3. *Commonwealth v. Pilchesky*, CP-35-cr-0001075-201. The Commonwealth charged Mr. Pilchesky with several counts of the unauthorized practice of law under 42 P.A.C.S. § 2524(a). After several interlocutory appeals, Mr. Pilchesky awaits trial.

[89] ECF Doc. No. 120, p. 1; ECF Doc No. 119. In our Findings of Fact and Conclusions of Law (ECF Doc. No. 119) we ruled Mr. Pilchesky did not meet the "next friend" requirements in relation to Ms. Tarapchak. Mr. Pilchesky has not demonstrated Ms. Tarapchak has some "mental incapacity," lacks access to the courts, or has a similar disability as required by *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990).

[90] ECF Doc. No. 309, p. 5.

[91] *Id.* at 6-7.

[92] Fed. R. Evid. 615.

[93] Fed. R. Evid. 615(b).

[94] *United States v. Brown*, 547 F.2d 36, 38 (3d Cir. 1976)("The purpose of [Rule 615] is to prevent witnesses from hearing the testimony of other witnesses.") Sequestration is unnecessary for a witness who has already testified because they are finished presenting evidence and cannot be influenced by another witness's testimony. *See id*. As Director Lynn testified first, he could not have been influenced by Mr. LeBar's subsequent testimony. Ms. Tarapchak suffered no prejudice from Director Lynn's presence in the courtroom after his testimony.

[95] *Holbrook v. Flynn*, 475 U.S. 560, 562 (1986).

[96] *Id*. at 563.

[97] *Id*. at 564-65.

[98] *Id*. at 565.

[99] *Id*. at 571.

[100] ECF Doc. No. 317, p. 2-3.

[101] *Id*. at 3.

[102] *Shushereba v. R.B. Indus., Inc.*, 104 F.R.D. 524, 530 (W.D. Pa. 1985)("Generally, courts are not inclined to favorably view a motion for a new trial where the complaining party made no effort at trial to call the alleged error to the court's attention or to make an appropriate objection and state distinctly that matter to which he objects and the grounds for his objection."); *Frankel v. Burke's Excavating, Inc.,* 269 F.Supp. 1007, 1012–13 (E.D.Pa.1967), *aff'd,* 397 F.2d 167 (3d Cir.1968).

[103] ECF Doc. No. 317, p. 3-8.

[104] ECF Doc. No. 214, p. 13-14.

[105] ECF Doc. No. 317, p. 8.

[106] *Price v. Trans Union, L.L.C.*, 839 F. Supp. 2d 785, 799 (E.D.Pa. 2012).

[107] Fed.R.Civ.P. 60(b)(3).

[108] *Brown v. Pa. R.R. Co.,* 282 F.2d 522, 527 (3d Cir.1960).

[109] *Price*, 839 F. Supp. 2d at 801.

[110] *Stridiron v. Stridiron,* 698 F.2d 204, 207 (3d Cir.1983).

[111] *James v. Melendez*, 567 F. Supp. 2d 480, 490 (S.D.N.Y. 2008).

[112] *Id.*

[113] ECF Doc. No. 202.

[114] ECF Doc. No. 209.

[115] ECF Doc. No. 214.

[116] ECF Doc. No. 216.

[117] ECF Doc. No. 217.  We note while counsel for Director Lynn signed the discovery documents claiming Ms. Tarapchak's discovery requests were excessively burdensome, counsel for Lackawanna County signed the certification stating it had turned over all discovery.

[118] ECF Doc. No. 214, p. 13. A party does not commit a discovery violation by failing to produce discovery falling outside the requirements of Rule 26. Discovery requests which excessively burden a party fall outside the scope of Rule 26. Fed.R.Civ.P. 26(b)(2)(C)(iii). A party may refrain from producing discovery if such production would result in an excessive burden on the party. *Id.*  When determining whether production of discovery constitutes an excessive burden, courts weigh: 1) the needs of the case; 2) the amount in controversy; 3) the party's resources; 4) the importance of the issues to the case; 5) whether the evidence is necessary to resolve the issues; and 6) the ability to obtain the same evidence elsewhere. *Trask v. Olin Corp.*, 298 F.R.D. 244, 265 (W.D. Pa. 2014). While we did not conduct an excessive burden analysis at the time we issued our October 18, 2016 order, we need not do so now. Ms. Tarapchak has not proven Lackawanna County or its attorney acted in bad faith by claiming the excessive burden exception during discovery.

[119] *Id.*

[120] *Id.*

[121] *Id.*